IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY C. WISHAM,<br><br>    Defendant. | Case No. 21-CR-30027-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Anthony Wisham's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and § 1B1.10 of the United States Sentencing Guidelines Manual [hereinafter Sentencing Guidelines] making Amendment 821 retroactive (Doc. 61).[1]

On April 1, 2024, Federal Public Defender Kim C. Freter filed a Motion to Appoint CJA Counsel to review Wisham's eligibility for an Amendment 821 sentence reduction due to a conflict with the Federal Public Defender's Office. (*See* Doc. 66). This Court appointed Attorney Robert Elovitz to represent Wisham pursuant to Administrative Order 362. (*See* Doc. 67). On April 26, 2024, Attorney Elovitz filed a Motion to Withdraw as Attorney because counsel "does not reasonably believe that Mr. Wisham is eligible for a reduction" pursuant to 18 U.S.C. § 3582(c)(2), Amendment 821. (Doc. 73, p. 1). Attorney Elovitz states that "Wisham did not receive

---

[1] Wisham also filed a *pro se* Motion for Compassionate Release pursuant to 28 U.S.C. § 3582(c) (Doc. 62), which this Court denied on April 19, 2024. (Doc. 72).

any 'status points' to his Criminal History that would entitle him to retroactive relief under Amendment 821" and that "Mr. Wisham did not have zero criminal history points at the time of his sentencing . . . . Rather, Mr. Wisham had a total of four (4) criminal history points that resulted from two (2) prior criminal convictions that received two (2) criminal history points each." (*Id.*, p. 2).

Notably, Wisham is not a zero-point offender. In order for a defendant to be eligible for a sentence reduction pursuant to Amendment 821, the defendant cannot have received any criminal history points and also must not "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." Sentencing Guidelines § 4C1.1(a)(1), (7). Wisham received 4 status points and pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Because of this, Defendant Wisham's criminal history category is not affected by Amendment 821 and he is ineligible for a sentence reduction under this provision.

Accordingly, Defendant Wisham's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 61) is **DENIED**. Attorney Elovitz's Motion to Withdraw as Attorney (Doc. 73) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  May 31, 2024**

                                                        **s/ *Stephen P. McGlynn***
                                                        **STEPHEN P. McGLYNN**
                                                        **U.S. District Judge**